**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **John David Hay,** § | | |
| § | | |
| *Plaintiff,* § | | Civil Action No.  6:19-cv-115 |
| § | | |
| vs. § | | |
| § | | **JURY DEMANDED** |
| **Colby Chace Pate and Randall Noe** § | | |
| **Hyundai, L.P.,** § | | |
| § | | |
| *Defendants.* § | | |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, John David Hay, complains of Defendants, Colby Chace Pate and Randall Noe Hyundai, L.P., and for cause of action would respectfully show the Court the following:

### PARTIES

1. Plaintiff, **John David Hay** ("Plaintiff"), is an individual who is a citizen of the State of Texas and currently resides in Lindale, Texas.

2. Defendant, **Colby Chace Pate** ("Pate"), is an individual who is a citizen of the State of Texas and currently resides in Smith County, Texas.  Pate may be served with process by serving him at his usual place of business 3680 US-259, Longview, Texas, 75605, his primary residence at 21709 Pagosa Ranch Rd, Bullard, Texas, 75757, or wherever he may be found.

3. Defendant, **Randall Noe Hyundai, L.P.** ("Hyundai"), is a Texas limited partnership.  Hyundai may be served with process by serving its registered agent, Randall H. Noe, at 112 Brentwood Drive, Heath, Texas, 75032 or wherever he may be found.

### JURISDICTION

4. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because

1

this action arises under the laws of the United States, specifically, 42 U.S.C. § 2000e-3(a).

## VENUE

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) because the events giving rise to the asserted claims occurred in this district.

## FACTS

6.      Plaintiff is a heterosexual male and has been employed almost exclusively in the car dealership industry for many years.

7.      Plaintiff was employed as a sales manager at Hyundai from approximately October 12, 2017 until his termination on approximately February 12, 2018.  Plaintiff's direct supervisor, Pate, was the general manager of Hyundai, which was also the highest level supervisor at Hyundai. Plaintiff and Pate shared an office space.

8.      During Plaintiff's employment with Hyundai, Pate, personally, subjected Plaintiff to continuous conduct that was both subjectively and objectively inappropriate.  Instances of Pate's inappropriate conduct included, but were not limited to, the following:

   a.   Pate bear-hugging Plaintiff and licking his neck on numerous occasions;

   b.   Pate attempting to force Plaintiff's hand onto Pate's genitalia on numerous occasions;

   c.   Pate purposefully removing his genitalia from his pants and shaking it around while Plaintiff and other male employees were present in the shared office;

   d.   In January 2018, while Plaintiff was still present in the shared office, Pate proceeded to change his clothes and pulled his underwear down, bent over, spread his buttocks with his hands (with his buttocks facing the direction of

       Plaintiff), and asked Plaintiff "how would like to take this home and f--- it all weekend;"

    e.    Pate asking employees to view something on his phone, which was a picture of Pate's genitalia.

    f.    Pate removing his genitalia from his pants in front of other employees while asking what they could do with it; and

    g.    Pate leaning back in his chair while in the shared office rubbing his genitalia while telling Plaintiff "my p---- is wet" referring to female genitalia, on numerous occasions.

9.    On or about January 29, 2018, an instance of Pate's sexual harassment of Plaintiff was captured on video. In this instance, Pate started thrusting his genitalia against Plaintiff's right arm and then grabbed Plaintiff's hand in an attempt to force Plaintiff to rub his genitalia. This was done in the presence of other employees who laughed at the conduct. Below are screenshots from the video. The left screenshot shows Pate thrusting his genitalia against Plaintiff as Plaintiff tries to push him away and the right screenshot shows Pate forcing Plaintiff's hand to rub his genitalia as Plaintiff is trying to pull his hand away.

 

10. On February 12, 2018, despite making Pate and others aware that Plaintiff did not in any manner welcome Pate's harassment, Pate held Plaintiff and began licking his neck despite Plaintiff's best efforts to prevent Pate from doing it. Immediately after the incident, convinced that Pate's actions would never change and that he would have to continue enduring such ongoing conduct as a condition of his employment with Hyundai, Plaintiff, again, advised that he did not welcome the conduct and left the dealership for a moment to calm down.

11. Shortly after Plaintiff left, he called to speak with the finance manager, Jordan Ray ("Ray"), about Pate's ongoing harassment and advised Ray that Plaintiff did not think he could endure it any longer. After advising Ray that he could no longer endure being subjected to Pate's severe and ongoing harassment, Pate instructed Ray to advise Plaintiff that he was not to come back because his employment was terminated.

12. Since Plaintiff's termination, he has been unable to secure similar employment in the car industry even though he has more than a decade of experience in same. Plaintiff asserts that this is due to the small tightly-knit car dealership industry in this area and that most car dealerships are ultimately owned by the same individual/company.

## CAUSES OF ACTION

**A. VIOLATIONS OF TITLE VII**

13. Plaintiff incorporates by reference and re-alleges all prior paragraphs as if fully set forth herein.

14. Hyundai and Pate are liable for discriminating against Plaintiff with respect to his terms and conditions of employment because of his sex. *See* 42 U.S.C. § 2000e-2(a).

15. Hyundai and Pate are also liable to Plaintiff based on the hostile work environment Plaintiff was required to endure. Pate is a member of a protected class based on his gender and

was subjected to unwelcome sexual harassment from Pate based on his gender. This conduct affected a term or condition of Plaintiff's employment with Hyundai in that he would be required to endure the ongoing sexual harassment as a condition of his employment and Pate was his supervisor. Based on Pate's position as Plaintiff's immediate supervisor, Hyundai is strictly liable for Pate's conduct.

16. Hyundai is also liable for discriminating against Plaintiff when he was terminated for opposing the practice of Pate's ongoing unwanted sexual acts directed toward him, which he reasonably believed were unlawful. *See* 42 U.S.C. § 2000e-3(a).

**B.   VIOLATIONS OF TEXAS COMMISSION ON HUMAN RIGHTS ACT ("TCHRA")**

17. Plaintiff incorporates by reference and re-alleges all prior paragraphs as if fully set forth herein.

18. Hyundai and Pate are liable to Plaintiff based on the hostile work environment Plaintiff was required to endure. Pate is a member of a protected class based on his gender and was subjected to unwelcome sexual harassment from Pate based on his gender. This conduct affected a term or condition of Plaintiff's employment with Hyundai in that he would be required to endure the ongoing sexual harassment as a condition of his employment and Pate was his supervisor. Based on Pate's position as Plaintiff's immediate supervisor, Hyundai is strictly liable for Pate's conduct. This conduct is in violation of Tex. Lab. Code § 21.051.

19. Hyundai and Pate are liable for terminating Plaintiff when he opposed the ongoing sexual harassment, which is a protected activity. *See* Tex. Lab. Code §§ 21.055.

**DAMAGES**

20. Plaintiff incorporates by reference and re-alleges all prior paragraphs as if fully set forth herein.

21. Hyundai and Pate's actions violated 42 U.S.C. § 2000e-3(a), which entitles Plaintiff to recover from Hyundai and Pate back pay, front pay, and pre-judgment and post-judgment interest.

22. Plaintiff also seeks recovery of compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

23. Because Hyundai and Pate's actions were done with malice and/or reckless indifference to Plaintiff's rights, Plaintiff is entitled to recover from Hyundai and Pate punitive damages in accordance with federal and state law.

24. Plaintiff seeks all damages available under Title VII and the TCHRA

## ATTORNEY FEES

25. Plaintiff has been forced to incur attorney's fees and costs as a result of Defendants' conduct and seeks the recovery of such costs pursuant to 42 U.S.C. § 2000e-5(k) and Chapter 21 of the Texas Labor Code.

## CONDITIONS PRECEDENT

26. Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division and the Equal Employment Opportunity Commission within 180 days after Plaintiff was terminated and Plaintiff has filed this suit within the applicable time period of receipt of permission to proceed with suit.

## JURY DEMAND

27. Plaintiff requests a trial by jury on all issues triable to a jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that citation be served upon Defendants, that Defendants be made to appear and answer, and that upon final

hearing, Plaintiff have judgment against Defendants for compensatory damages, exemplary damages, any additional penalties or damages allowed by statute, attorney's fees, pre-judgment and post-judgment interest at the maximum lawful rate, costs of court, and such other and further relief, at law or in equity, to which Plaintiff may show himself justly entitled.

        Respectfully submitted,

        */s/ Dallas W. Tharpe*
        **Dallas W. Tharpe**
        State Bar No. 24052036
        dallas@yw-lawfirm.com
        **Trey Yarbrough**
        State Bar No. 22133500
        trey@yw-lawfirm.com
        **YARBROUGH WILCOX, PLLC**
        100 E. Ferguson, Suite 1015
        Tyler, Texas 75702
        903-595-3111 office
        903-595-0191 fax

        **ATTORNEYS FOR PLAINTIFF**