IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHN DAVID HAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:19-CV-115 |
| | § | |
| COLBY CHACE PATE AND RANDALL | § | |
| NOE HYUNDAI, L.P., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S' FIRST AMENDED
## ORIGINAL COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Colby Chace Pate and Randall Noe Hyundai, L.P., ("Defendants") file their

Answer to Plaintiff's First Amended Original Complaint ("Complaint"), and would respectfully

show the Court the following:

Relative to each of the specific allegations in Plaintiff's Complaint, Defendants hereby

respond in the following numbered paragraphs, each of which corresponds to the same numbered

paragraph in the Plaintiff's Complaint.

## I.
## OVERVIEW

1.    Defendants admit that Plaintiff John David Hay is an individual who is a citizen

      of the State of Texas. Defendants otherwise are without knowledge or information

      sufficient to enable them to admit or deny the remaining allegations in

      Paragraph 1.

2.    Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.    Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.    Defendants deny this Court has jurisdiction over this case because all of Plaintiff's claims are subject to a binding arbitration agreement between the parties.

5.    Defendants deny venue is proper in this district because all of Plaintiff's claims are subject to a binding arbitration agreement between the parties.

6.    In response to Paragraph 6 of the Complaint, Defendants are without knowledge or information sufficient to enable them to admit or deny the allegations and therefore the allegations are denied.

7.    Defendants admit that Plaintiff was employed at Hyundai. Defendants otherwise deny the remaining allegations in Paragraph 7 of the Complaint not specifically admitted.

8.    Defendants deny the allegations contained in Paragraph 8 of the Complaint.

    a.    Defendants deny the allegations contained in Paragraph 8a of the Complaint.

    b.    Defendants deny the allegations contained in Paragraph 8b of the Complaint.

    c.    Defendants deny the allegations contained in Paragraph 8c of the Complaint.

    d.    Defendants deny the allegations contained in Paragraph 8d of the Complaint.

    e.    Defendants deny the allegations contained in Paragraph 8e of the Complaint.

  f.  Defendants deny the allegations contained in Paragraph 8f of the Complaint.

  g.  Defendants deny the allegations contained in Paragraph 8g of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Defendants deny Plaintiff was terminated. Defendants are without knowledge or information sufficient to enable them to admit or deny the remaining allegations in that Paragraph and therefore the allegations are denied.

13. In response to Paragraph 13, Defendants incorporate by reference each of their responses to the paragraphs incorporated by reference by Plaintiff.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. In response to Paragraph 17, Defendants incorporate by reference each of their responses to the paragraphs incorporated by reference by Plaintiff.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. In response to Paragraph 20, Defendants incorporate by reference each of their responses to the paragraphs incorporated by reference by Plaintiff.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     In response to Paragraph 22 of the Complaint, Defendants admit that Plaintiff seeks that identified relief but deny that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     In response to Paragraph 24 of the Complaint, Defendants admit that Plaintiff seeks that identified relief but deny that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

25.     In response to Paragraph 25 of the Complaint, Defendants admit that Plaintiff seeks that identified relief but deny that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

26.     Defendants admit Plaintiff filed a Charge of Discrimination with the TWC and EEOC but Defendants otherwise deny the remaining allegations contained in that Paragraph.

27.     In response to Paragraph 27 of the Complaint, Defendants admit that Plaintiff seeks that identified relief but deny that Plaintiff is entitled to recover the relief requested, or any relief whatsoever.

## II.
## AFFIRMATIVE DEFENSES

28.     Defendants exercised reasonable care to prevent and correct promptly any unlawfully harassing and/or discriminatory workplace conduct allegedly experienced by Plaintiff; Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise, and thus Plaintiff's claims are barred.

29.   Plaintiff's claims or damages are barred, in whole or in part by Plaintiff's failure to mitigate Plaintiff's damages.

30.   Plaintiff's damages are limited or capped by the applicable damages caps set forth in the Texas Labor Code, Texas Civil Practices and Remedies Code, the federal civil rights acts, other applicable federal, state or local law, or the due process requirements of the federal and state constitutions.

31.   Plaintiff's claims fail, in whole or in part, because Plaintiff failed to fully exhaust the available administrative remedies prior to filing suit and/or Plaintiff's claims exceed the scope of the administrative charge and/or failed to timely file his claims.

32.   Plaintiff's claims fail, in whole or in part, because even if an impermissible factor had been a motivating factor for any adverse employment action taken by Defendant Randall Noe Hyundai, L.P. – which Defendants deny occurred – Defendants would have taken the same action regardless of the Plaintiff's alleged protected conduct.

WHEREFORE, Defendants pray that this Court dismiss Plaintiff's' Complaint and that Plaintiff take nothing by this action. Defendants prays for the recovery of their costs and attorneys' fees and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

_____

Russell D. Cawyer
State Bar No. 00793482
Christopher E. Howe
State Bar No. 10089400
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas  76102
(817) 878-3562  (telephone)
(817) 878-9762  (facsimile)
Email:  russell.cawyer@kellyhart.com
Email:  christopher.howe@kellyhart.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On June 10, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

_____

Russell D. Cawyer