**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| JOHN DAVID HAY, § § Plaintiff, § § v. § § COLBY CHACE PATE and RANDALL § NOE HYUNDAI, L.P., § § Defendants. § § | Case No. 6:19-CV-115-JDK |

**ORDER GRANTING JOINT MOTION TO DISMISS**

On July 8, 2019, Plaintiff John David Hay and Defendants Colby Chace Pate and Randall Noe Hyundai, L.P. filed a Joint Motion to Dismiss. Docket No. 13. In this motion, the parties state that, "[o]n the basis of a pre-existing arbitration agreement, the parties have agreed to arbitrate all of Plaintiff's claims pled in the Amended Complaint and any other claims stemming from such incident(s)." *Id.*

Dismissal is proper when all of the claims in the case must be submitted to arbitration. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). *See also Moore v. Mansions Custom Homes, III, LP*, 2012 WL 12903080, at *3 (E.D. Tex. Oct. 15, 2012) (dismissing action without prejudice to the parties' right to proceed in arbitration because all the claims were to be submitted to arbitration). Dismissal is also appropriate because "[a]ny post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law." *See Alford*, 975 F.2d at 1164 (quoting *Sea–Land Service, Inc. v. Sea–Land of P.R., Inc.,* 636 F. Supp. 750, 757 (D. Puerto Rico 1986)).

Because all of the issues in this action must be arbitrated, the Joint Motion to Dismiss (Docket No. 13) is hereby **GRANTED** and the action is **DISMISSED WITHOUT PREJUDICE** to the parties' right to proceed in arbitration.  All attorneys' fees and court costs are charged to the party incurring the same.

So **ORDERED** and **SIGNED** this **9th**    day of  **July, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE