**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| JOHN DAVID HAY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:19-CV-115-JDK |
| § | |
| COLBY CHACE PATE and RANDALL § | |
| NOE HYUNDAI, L.P., § | |
| § | |
| Defendants. § | |

**FINAL JUDGMENT**

The Court having considered the case and rendered its decision by ordered issued on the same date, it is hereby:

**ORDERED** that the above-entitled and numbered cause of action is **DISMISSED WITHOUT PREJUDICE** to the parties' right to proceed in arbitration. The Clerk is directed to **CLOSE** the above-captioned case.[1]

So **ORDERED** and **SIGNED** this **9th** day of **July, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

---

[1] Because the dismissal is considered a final decision under the Federal Arbitration Act, a final judgment is proper. *See Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 707 (5th Cir. 2002) ("In *Green Tree,* the Supreme Court held that an order dismissing an action is a 'final decision' within the traditional understanding of the term, even when the dismissal is in favor of arbitration and the parties could later return to court to enter judgment on an arbitration award.") (quoting *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 85–88 (2000)).